IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HOLIDAY HOSPITALITY FRANCHISING, LLC f/k/a HOLIDAY HOSPITALITY FRANCHISING, INC.; SIX CONTINENTS HOTELS, INC.; IHG MANAGEMENT (MARYLAND) LLC; and INTERCONTINENTAL HOTELS GROUP RESOURCES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FLAMINGO STRUCTURES LLC; HALSTON MIKAIL; FARRAH MIKAIL a/k/a MRS. HALSTON MIKAIL; KEVIN BRAL a/k/a KAVEH BRAL; and JACKIE BRAL a/k/a MRS. KEVIN BRAL, <br><br> Defendants, <br><br> IHG MANAGEMENT (MARYLAND) LLC, <br><br> Third-Party Defendant. | CIVIL ACTION FILE <br><br> NO. 1:12-CV-03064-TCB |

**CONSENT PROTECTIVE ORDER GOVERNING DISCOVERY
AND USE OF CONFIDENTIAL MATERIALS AND INFORMATION**

With the consent of the Parties, and for good cause shown, including the

possibility of disclosure of alleged trade secrets and other confidential or

proprietary business information, under the authority of Rule 26(c) of the Federal

-2-

Rules of Civil Procedure, for the purpose of protecting confidential information and facilitating discovery, including the timely production of electronically stored information, **IT IS HEREBY ORDERED** as follows:

1. That the term "Confidential Information," as used herein, shall refer to (a) all documents and other things produced or otherwise disclosed by the parties in this action, including all copies thereof, where such items are so designated as provided by this Order, and (b) all pre-trial testimony given in this action by the parties (including their officers, consultants, experts, directors, agents, and/or employees) whether by deposition or otherwise, where such items are so designated as provided by this Order, including all transcript copies thereof.

2. The procedure set forth herein does not affect or dispose of the rights of any party to object to discovery requests based on (a) the attorney-client privilege, (b) the work-product doctrine, or (c) grounds unrelated to the confidentiality of documents and things.  Nor shall the procedure set forth herein in any way constitute a waiver of any objection to otherwise improper discovery in this case, whether such discovery is written or oral, nor will such a designation constitute a waiver of any objection to the admissibility of such information.  This Order also does not relieve any party of the necessity of properly responding or objecting to discovery requests, nor shall it preclude any party from seeking further

relief or protective orders from the Court as may be appropriate.  In the event of inadvertent disclosure of privileged information, the producing party shall be entitled to the return of such information as set forth in paragraph 12.

    3.    The designating party shall have the right to designate as Confidential Information any information or thing that the party believes in good faith constitutes or embodies matters that the designating party would not voluntarily reveal to third parties or would cause third parties to maintain in confidence regardless of whether confidentiality advances any pecuniary business purpose. This designation includes, but is not limited to, a party's worldly circumstances, trade secrets, and other confidential commercial, proprietary, or business information, including but not limited to, profit data and projections and financial data.

    4.    Documents or portions of documents containing Confidential Information shall be designated as confidential by marking each page of the document "CONFIDENTIAL" or with a similar legend that clearly indicates that the material is to be treated as confidential pursuant to the terms of this Order.

    5.    Confidential Information designated as "CONFIDENTIAL" shall be given, shown, disclosed, made available, or communicated only to the following individuals:

a) the attorneys for the respective parties in this action, including their respective associates, clerks, legal assistants, stenographic personnel, and firms engaged by counsel to provide litigation support services and the employees of such firms;

b) the parties (including the current officers and employees of each respective corporate party, but only to the extent reasonably necessary for such parties, officers or employees to assist in this litigation);

c) court reporters covered by paragraph 10 herein;

d) such other persons as hereafter may be designated by written stipulation of the disclosing party or by further order of the Court on motion by any party to this action (however, before a person covered in 5(c) or 5(d) above shall receive any such Confidential Information, such person shall receive a copy of this Order and shall execute an Affidavit to be Bound by the Protective Order in the form attached hereto as Exhibit A);

e) consultants or experts retained by a party or counsel to a party to assist counsel in the preparation and trial of this litigation and who are not currently employed as full-time or part-time employees of the parties to this action or their respective subsidiaries, parent or affiliate companies, or such other persons who may hereafter be qualified to receive Confidential Information pursuant to any written agreement between the parties to this action and order of this Court.  (Before a person covered by this Paragraph 5(e) shall receive any such Confidential Information, such person shall receive a copy of this Order and shall execute an Affidavit To Be Bound By The Protective Order in the form attached hereto as Exhibit A.  Such Affidavit must be retained by counsel for the party who retained such consultant or expert.  If and when such party identifies said consultant or expert as a witness expected to be called at trial, such Affidavit must be provided to counsel for any other party upon written request); and

f) the Court and any employees of the Court, including, but not limited to, employees of the Judge or the Clerk of Court.

6. No person, firm, corporation, or other entity shall use Confidential Information in any manner whatsoever except in the prosecution, defense, or appeal of the above-captioned lawsuit. Furthermore, no person, firm, corporation, or other entity subject to this Order shall give, show, disclose, make available, or communicate Confidential Information to any person, firm, corporation or other entity not expressly authorized by this Order to receive such Confidential Information. A party's use for any purpose of his or its own documents and other things produced or disclosed in this action shall not be considered a violation of this Order.

7. Any documents (including briefs) or tangible things designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain its protected confidential status only by Order of the Court in accordance with the following procedures. For documents filed other than during a hearing or trial, counsel shall email to Ms. Smilley (1) a motion to file under seal that lists the document(s) that need to be sealed; (2) a proposed order granting the motion; and (3) a copy of each document that needs to be filed under seal. For tangible things other than documents, the parties shall deliver the items to Ms. Smilley in chambers along with a proposed order permitting the tangible things to be filed under seal. The

opposing party shall not be permitted to oppose the motion to file under seal. The Court will review, in camera, the documents and tangible things. If the Court agrees that they should be sealed, the proposed order will be filed, and the Clerk will file the motion and order, and the documents or tangible things will be filed under seal. A party who seeks to introduce protected information, documents, or tangible things at a hearing or during trial shall advise the Court at the time of introduction that the information, documents, or tangible things sought to be introduced are protected. The Court will review the information, documents, or tangible things in camera, and make an oral ruling. The Clerk will file any such documents or tangible things under seal.

8. With respect to testimony of a corporate party's officers, employees, directors, agents, consultants, and/or experts, elicited during depositions, hearings and other proceedings, whenever counsel for a party deems that any question or line of questioning calls for the disclosure of information that relates to his client and which should be treated as Confidential Information with respect to such client, counsel shall designate on the record prior to such disclosure or any time before the deposition, hearing or other proceeding is adjourned that such testimony is "Confidential Information." In such situations, the question(s) and answer(s) designated by counsel as pertaining to Confidential Information may be transcribed

separately from the remainder of the deposition, hearing, or other proceeding. Portions of transcripts designated as including Confidential Information that are transcribed separately shall be retained by counsel, unless filed in this Court, in which event they shall be filed in this Court in accordance with the procedures in paragraph 7.

In the event counsel for a party inadvertently fails to disclose that testimony during a deposition constitutes "Confidential Information," counsel may designate (by page and line number) any portion of the deposition transcript as "Confidential Information" pursuant to this Order by letter transmitted to counsel for the opposing party within thirty (30) days of the receipt of the transcript of the deposition.

9.      Counsel for a party may exclude from the room during a deposition, hearing, or other proceeding any person (other than the parties and the witness who is then testifying) who is not entitled under this Order to receive Confidential Information.  Any individual who is entitled under this Order to receive Confidential Information may remain in the room during a deposition, hearing, or proceeding.  Confidential Information shall not be disclosed to the witness then testifying except in strict conformity with the provisions of this Order, including the requirement that the testifying witness shall agree to be bound by the terms of

this Order by executing the Affidavit set forth in Exhibit A hereto.  If the witness testifying is employed by one of the parties, officers or other employees of that party may be present at the deposition without violating the provisions of this paragraph, provided that the witness has not been previously employed by the opposing party.  Furthermore, the witness shall not be restricted during the deposition from using Confidential Information of the party constituting his employer.

10. Any court reporter or transcriber who reports or transcribes testimony in this action at a deposition shall agree by a statement on the record, before recording or transcribing any such testimony constituting Confidential Information, that all such testimony and information revealed at the deposition is and shall remain confidential and shall not be disclosed by such reporter or transcriber except to the attorneys for each party and any other person who is present while such testimony is being given, and that copies of any transcript, reporter's notes, or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or transcriber and/or shall be delivered to the undersigned attorneys.

11. Nothing herein shall prevent disclosure beyond the terms of this Order if the party designating the information as Confidential Information consents to

such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

12.     Inadvertent production of privileged material shall not constitute a waiver of the privilege, provided that the producing party has taken reasonable steps to guard against such production, and there was no inordinate delay in communicating to the receiving party that an inadvertent production has been made.  Upon receiving notice from a producing person or entity that privileged information, including copies or summaries thereof, has been inadvertently produced, and provided that the above conditions are satisfied, all such privileged information in the possession of the receiving party shall be returned to the producing party within five (5) business days of receipt of such notice.  To the extent during the interim that the inadvertently produced privileged information has been disclosed to any third parties, the receiving party shall use its best efforts to retrieve the inadvertently produced information from such persons.  A party that returns privileged information after receipt of notice may retain non-substantive information not claimed to be privileged that is sufficient to identify the document or other information that it returns.  This Paragraph shall not prejudice the right of any party to challenge a producing party's claim that information is privileged on

any grounds other than the inadvertent or unintentional production of such information.

13. A party shall not be obligated to challenge the propriety of a designation by the other party of Confidential Information at the time such designation is made by the other party, and a failure to provide any such challenge shall not preclude a subsequent challenge by such party to such designation. Each party reserves the right to seek a court determination as to whether or not the documents marked as "CONFIDENTIAL" are entitled to protection under this Order. In the event a party provides five (5) business days' advance written notice of intent to challenge a "CONFIDENTIAL" designation of any information to the designating party, and the designating party refuses to voluntarily remove or redesignate the information, then the challenging party shall file a motion seeking to redesignate the information in question accordingly. Until the Court rules on the objecting person's or party's application, any information that has been produced and designated as CONFIDENTIAL shall be treated as so designated and subject to the terms of this Order.

14. This Order applies to all documents, testimony, or other things produced in this action by the parties on and after the date of this Order and replaces other arrangements made by the attorneys for the parties in this action for

the designation and handling of all Confidential Information, assuming such arrangements were made.  Nothing contained in this Order should be construed to suspend or void the treatment afforded by other arrangements made by the attorneys for the parties in this action to all documents, testimony, or other things produced in this action before the date of this Order.

15. Nothing contained in this Order should be construed as prohibiting disclosure of documents to the author, source, or recipient of the document, disclosure of testimony to the witness who gave the testimony, or disclosure to the person, firm, corporation or other entity from which the document or thing or testimony originated.

16. Nothing contained in this Order shall prevent (a) a producing party from using or disclosing its own CONFIDENTIAL information; (b) disclosure or use of the documents or information obtained through legitimate means other than discovery in this case; or (c) disclosure or use of publicly available information for any purposes whatsoever.

17. Nothing contained in this Order should be construed to provide a basis for non-compliance with the parties' obligations to produce documents under the Federal Rules of Civil Procedure or other applicable rules of procedure; nothing herein should be construed to waive any right that any party may have to object to

any demand for production of any documents; and nothing herein should preclude any party from seeking greater protection with respect to any documents than that provided for in this Order.

18.  Non-parties who are requested to produce trade secrets or confidential or proprietary information, or whose information is otherwise requested in this case, may avail themselves of the provisions of this Order the same as any other party, provided that such non-party submits to the jurisdiction of the Court for purposes of enforcing this Order.

19.  In the event that counsel for any party receives a demand or request to produce or disclose Confidential Information or is informed that a demand or request for Confidential Information has been made to any recipient of Confidential Information under the terms of this Order by any government agency or in connection with any other lawsuit, counsel shall, within five (5) business days after receipt of such demand or request or upon being informed of such demand or request, send written notice to all counsel of the identity of the person or entity making the demand or request and the recipient of the demand or request, the nature of the material demanded or requested, and the date on which the Confidential Information is to be produced or disclosed. The demand or request, be it in the form of subpoena, letter, or otherwise, shall be attached to the notice.

20.     Within sixty (60) days after the conclusion of this action, legal counsel for each party shall either return (1) all documents designated as containing Confidential Information to the party originally producing such Confidential Information or (2) certify in writing that such documents have been destroyed.  The provisions of this Order shall not terminate at the conclusion of these actions.

21.     The Court retains jurisdiction to enforce the provisions of this Order and to make such arrangements, modifications and additions to this Order as the Court may from time to time deem appropriate.

22.     The provisions of this Order are binding and enforceable between and among the parties effective as of June _, 2013, even if never entered as an Order in this action.

SO ORDERED, this  8th  day of _____July_____, 2013.

_____
UNITED STATES DISTRICT JUDGE

Consented to by the following:

DATED:  July 8, 2013.

| | |
|---|---|
| _s/ Robert E. Buckley_<br>Michael W. Tyler<br>Georgia Bar No. 721152<br>Robert E. Buckley<br>Georgia Bar No. 140280<br>James W. Faris<br>Georgia Bar No. 452293<br>KILPATRICK TOWNSEND &<br>      STOCKTON LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, Georgia 30309-4530<br>(404) 815-6500<br>Fax:  (404) 815-6555<br>mtyler@kilpatricktownsend.com<br>robuckley@kilpatricktownsend.com<br>jfaris@kilpatricktownsend.com<br><br>Attorneys for Plaintiff | _s/ David M. Messer (by R. Buckley with express permission)_<br>David M. Messer<br>Georgia Bar No. 771007<br>BRISKIN, CROSS & SANFORD, LLC<br>1001 Cambridge Square, Suite D<br>Alpharetta, GA 30009<br>(770) 410-1555<br>Fax:  (770) 410-3281<br>dmesser@briskinlaw.com<br><br>Attorney for Defendants |

# EXHIBIT A

## AFFIDAVIT TO BE BOUND BY PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

I, the undersigned, hereby acknowledge that I have (1) read the attached Consent Protective Order entered by the United States District Court for the Northern District of Georgia in Civil Action File Number 1:12-cv-3064-TCB , (2) understand the terms thereof, and (3) agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to disclose information designated "CONFIDENTIAL" pursuant to the terms of said Consent Protective Order to any person or entity not authorized by the Order to receive such information. I further agree to use any information disclosed to me in connection with this case solely for the purposes of the above-mentioned case and for no other purposes.

The undersigned hereby irrevocably submits his/her person to the jurisdiction of the United States District Court for the Northern District of Georgia for the purposes of enforcing the attached Consent Protective Order.

_____          _____
Signature                                                                  [Type or Print Name]

Date: _____

Sworn to and subscribed before me this
_____ day of July, 2013 and notarized on
said date.

_____
Notary Public

My commission expires:
_____